### THOMAS PHENIX v. JAMES ROMER.

An agreement, made by an attorney with his client, to defend a suit for a specific sum, does not affect the attorney's right to recover a larger amount of taxed costs from the opposite party.

Where a defense conducted under such a contract was successful, and the costs being taxed at a larger amount, the client released the opposite party; *held*, that he was liable to the attorney for the full amount of the taxed costs, as they belonged absolutely to the attorney, and he had no right to interfere with or control them.

A trustee releasing a debt due to him in that character, thereby makes himself personally liable to the *cestui que trust* for the amount.

ASSUMPSIT for an attorney's bill.

The defendant being sued, employed the plaintiff to defend the suit, which he agreed to do for thirty dollars. The suit resulted in a judgment for the defendant, and the costs were taxed at $92.50, which the attorney attempted to collect of

the party liable to pay them, whereupon the defendant, without the attorney's consent, released the claim; and in this suit, brought by the attorney, it was sought to make the defendant liable, because of that release.

The cause was tried at the Richmond Circuit, in June, 1845.

On the trial the circuit judge charged the jury that the defendant's release made no difference, and refused to charge, as requested by the plaintiff, that the plaintiff having a right to recover his costs against the other party, and the defendant having released such party from such payment, the defendant became liable to the plaintiff for the full amount of the costs as taxed in that suit, and there was a verdict for the defendant.

*R. M. Tyson*, for plaintiff, now moved for a new trial on a case made. He cited *McFarland* v. *Crary* (8 Cow. 253); 1 R. S. 684; 2 id. 514.

*Townsend*, for defendant, cited *Stockholm* v. *Robins* (24 Wend. 111); *Adams* v. *Stevens* (23 id. 57); *S. C.* (26 id. 451); 2 R. S. 509, 517, 542; *Starr* v. *Vanderheyden* (9 J. R. 253); *Scott* v. *Elmendorf* (12 id. 315); *Platt* v. *Holen* (23 Wend. 457).

*The Circuit Judge:* I am satisfied that I erred in the view which I took on the trial of the contract between these parties. It was in effect that if the defendant was defeated in his suit, then the plaintiff should claim of him only $30 for his services, but that if he should succeed, then the plaintiff might recover of the party against whom he might obtain his judgment, a full taxed bill of costs — the object evidently being to limit the defendant's liability to this plaintiff, in any event, to $30.

I regarded it on the trial, as a contract limiting the plaintiff's right, at all events, and of all parties, to recover only $30. In that view, it would be immaterial, as I charged the jury,

whether the defendant had released the other party or not. But in the view which now, on more mature consideration, I take of the special contract, that release becomes very material in determining the defendant's liability.

Whatever might have been the result of the suit which the plaintiff was employed to defend, the defendant would, under the special contract, have been liable to him for only $30. If the judgment in that suit was for the defendant, then there were costs to be taxed against the plaintiff in that suit which belonged absolutely to the plaintiff in this cause, and which the defendant could not control, and which he had no right or business to interfere with.

Being taxed in the defendant's name he became the trustee of the plaintiff, who had a right to use the defendant's name to collect them, and if the defendant received them, he would hold them, not for his own use, but for the benefit of the plaintiff. Thus far his liability was not extended beyond the $30, but when he went a step farther, and, availing himself of the fact that the costs were taxed in his name, undertook to release the costs, he released that which did not belong to him, and threw an impediment in the plaintiff's way of receiving his rights, for which he is responsible. It was not his claim but the plaintiff's which he released, and by releasing it he has made himself the debtor.

Such is always the effect of a trustee's releasing the rights of his *cestui que trust.* He makes himself personally responsible.

There must therefore be a new trial, with costs to abide the event.